# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

WELLS FARGO BANK, N.A.

VERSUS

DARRELL KENDRICK BERRY AND
CONSTANCE LAFAYETTE BERRY

AND

DARRELL BERRY AND CONSTANCE
LAFAYETTE

VERSUS

WELLS FARGO BANK, NA,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM (MERS),
LSF10 MORTGAGE HOLDINGS,
LLC, DEAN MORRIS, L.L.C.,
CANDANCE A. COURTEAU,
SPECIALIZED LOAN SERVICING,
LLC (SLS), U.S. BANK TRUST
NATIONAL ASSOCIATION AS
TRUSTEE FOR LSF10 MASTER
PARTICIPATION TRUST, FAY
SERVICING, LLC, CALIBER HOME
LOANS, INC., DOES I THROUGH
100 INCLUSIVE, ET AL

NO. 2024 CW 0833

PAGE 1 OF 2

NOVEMBER 4, 2024

---

In Re:    Darrell Berry and Constance Lafayette, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, Nos. 656991 and 724405.

---

**BEFORE:    McCLENDON, WELCH, AND LANIER, JJ.**

**WRIT NOT CONSIDERED.** Relators have improperly requested supervisory review of multiple orders in multiple district court docket numbers in a single writ application. Although there is no explicit statutory prohibition against challenging multiple orders in a single writ application, the Uniform Rules of Louisiana Courts of Appeal, Rules 4-2 and 4-5(C) refer only to the "ruling . . . at issue" and the "ruling complained of." Therefore, we decline to consider multiple judgments in a single writ application. See **Succession of Burgo**, 2019-0612 (La. App. 1st Cir. 8/5/19), 2019 WL 3574213 (unpublished).

Moreover, the writ application failed to include the affidavit required by Rule 4-5(A) of the Uniform Rules of Louisiana Courts of Appeal.

This court cannot ascertain the timeliness of the writ application as to docket no. 656991, as the order for extension of the return date from this court was issued in docket no. 724405, and the writ application does not contain an order extending the return date in docket no. 656991.

Supplementation of this writ application and/or an application for rehearing will not be considered. Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 and 4-9.

In the event relators seek to file new applications with this court, such applications must contain all pertinent documentation, including documentation to show the timeliness of the original writ application, and must comply with Rule 2-12.2, Uniform Rules of Louisiana Courts of Appeal. Any new applications must be filed on or before December 4, 2024, and must contain a copy of this ruling.

**PMc**
**JEW**
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
   FOR THE COURT